UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSE WAYNE MATHIS** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-15603** |
| **FORD BACON & DAVIS, L.L.C.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant Ford, Bacon & Davis, L.L.C. ("Ford LLC") to dismiss this lawsuit for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.[2] In the alternative, Ford LLC asks the Court to transfer this case to the Middle District of Louisiana "in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Plaintiff Jesse Mathis objects to a dismissal or transfer. For the following reasons, the motion is denied.

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to improper venue. Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case that the Court has jurisdiction over the defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In deciding the motion, the court must accept as true all allegations in the complaint and resolve all conflicts

---

[1] R. Doc. No. 12.
[2] 28 U.S.C. § 1406 states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether or not this Court is a proper venue is determined pursuant to 28 U.S.C. § 1391.

in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 2007 WL 1425851, at *2 (5th Cir. 2007). However, unlike a Rule 12(b)(6) motion, the court may consider extrinsic evidence—including affidavits and other evidentiary materials—in determining whether venue is proper. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). Although Ford LLC makes several factual assertions in its motion, it has not supported those assertions with any affidavits or other evidentiary materials. Accordingly, in deciding the motion the Court is limited to the factual allegations in the complaint.

Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Accepting the plaintiff's well-pleaded factual allegations as true, the complaint alleges a sufficient connection between the facts of this case and the Eastern District. For one, the complaint alleges that plaintiff resides in this District. R. Doc. No. 1, at 2 ¶ 3. For another, the complaint alleges that plaintiff was assigned at all relevant times to the Motiva, LLC refinery in this District. R. Doc. No. 1, at 2 ¶ 6. Finally, resolving all ambiguities in the complaint in plaintiff's favor, the complaint alleges that defendant's site manager at the refinery, Allan Sandow, terminated plaintiff in this District. R. Doc. No. 1, at 6 ¶ 27. It was that decision to terminate plaintiff which is being challenged as unlawful in this lawsuit. Considering all of those contacts with the Eastern District, the Court concludes that "a substantial part" of the events or

omissions giving rise to plaintiff's claim occurred in this District. Venue is therefore proper.

Neither does the Court find that transfer is appropriate under 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought." The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating "that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect the plaintiff's choice of venue. *Id.*

After considering the various private and public interest factors identified by the Fifth Circuit as relevant to the determination, *see id.*, the Court concludes that the plaintiff's choice of venue should be respected. The defendant has not carried its burden of demonstrating that the Middle District is "clearly more convenient" for the witnesses and the parties, or that the "interest of justice" requires a transfer. *See id.* Accordingly,

**IT IS ORDERED** that the motion to dismiss or to transfer is **DENIED**.

New Orleans, Louisiana, January 26, 2017.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

3